IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

JOHN H. NEWMAN,

                    Plaintiff,                    Civil Action No.
                                                  3:17-CV-0918 (LEK/DEP)

        v.

ANTHONY ANNUCCI and
THOMAS HERZOG,

                    Defendants.

_____

APPEARANCES:                                      OF COUNSEL:

FOR PLAINTIFF:

JOHN H. NEWMAN, *Pro se*
#158254
Broome County Correctional Facility
P.O. Box 2047
Binghamton, NY 13902-2047

FOR DEFENDANTS:

NONE


DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER, REPORT, AND RECOMMENDATION

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by *pro se* plaintiff John H. Newman, an inmate currently confined in a county prison facility, against the Acting Commissioner of the New York State Department of Corrections and Community Supervision ("DOCCS") and one of the DOCCS's Deputy Commissioners. Liberally construed, plaintiff's complaint challenges the constitutionality of the terms of his supervised release.

Plaintiff's complaint and accompanying application for leave to proceed *in forma pauperis* ("IFP") have been forwarded to me for review. Based on my review of those documents, plaintiff's IFP application is granted, but I recommend that, with one exception, his complaint be accepted for filing and the defendants be directed to respond.

I.    BACKGROUND

Plaintiff commenced this action on or about August 21, 2017. Dkt. No. 1. In his complaint, which was drafted on a form intended for use in filing civil rights actions pursuant to 42 U.S.C. § 1983 in the Western District of New York, plaintiff complains of the terms of his post-prison release supervision, claiming that defendants violated his rights under the First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments to the

2

United States Constitution. *Id.* at 5. As relief, plaintiff requests damages in the amount of $400,000, and an order excusing him from the terms of his post-release supervision. *Id.* at 5, 6. Named as defendants in plaintiff's complaint are Anthony Annucci, the Acting Commissioner of the DOCCS, and Deputy DOCCS Commissioner Thomas Herzog, both of whom are sued solely in their official capacities. *Id.* at 2.

Plaintiff's complaint is accompanied by an application for leave to proceed IFP. Dkt. No. 2. Because plaintiff is currently incarcerated, he has also provided a signed authorization form permitting him to pay the required filing fee in installments through automatic deductions from his prison trust account. Dkt. No. 3.

II.    DISCUSSION

A.    IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[1] In this instance, because I conclude that plaintiff

---

[1]    The total cost for filing a civil action in this court is $400.00, consisting of the civil filing fee of $350.00, *see* 28 U.S.C. § 1914(a), and an administrative fee of $50.00. Although an inmate granted IFP status is not required to pay the $50.00 administrative

meets the requirements for IFP status, his application for leave to proceed

without prepayment of fees is granted.[2]

      B.    <u>Sufficiency of Plaintiff's Complaint</u>

          1.    <u>Standard of Review</u>

Because I have found plaintiff satisfies the financial criteria for

commencing this case IFP, I must consider the sufficiency of the claims

set forth in his complaint in light of 28 U.S.C. § 1915(e). Section 1915(e)

directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss

the case at any time if the court determines that . . . the action . . . (i) is

frivolous or malicious; (ii) fails to state a claim on which relief may be

granted; or (iii) seeks monetary relief against a defendant who is immune

from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, 28 U.S.C. §

1915A(b) directs a court to review any "complaint in a civil action in which

a prisoner seeks redress from a governmental entity or officer or employee

of a governmental entity," and to "identify cognizable claims or dismiss the

---

fee, he is required to pay, over time, the full amount of the $350.00 filing fee regardless of the outcome of the action. *See* 28 U.S.C. § 1915(b)(3).

[2]    Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) ("We have found both sections [1915 and 1915A] applicable to prisoner proceedings *in forma pauperis*.").

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See*, *e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks

an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

> 2.   Analysis

>> a.   Plaintiff's Claims Seeking Monetary Relief

The Eleventh Amendment protects a state against suits brought in federal court by "private parties seeking to impose a liability which must be paid from public funds in the state treasury." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Cory v. White*, 457 U.S. 85, 90-91 (1982); *Ying Jing Gan v. City of N.Y.*, 996 F.2d 522, 529 (2d Cir. 1993). This absolute immunity, which states enjoy under the Eleventh Amendment, extends to both state agencies and state officials sued for damages in their official capacities when the essence of the plaintiff's claim seeks recovery from

6

the state as the real party in interest. *See, e.g., Daisernia v. State of N.Y.*, 582 F. Supp. 792, 798-99 (N.D.N.Y. 1984) (McCurn, J.) ("[A] suit which seeks a money judgment 'which must be paid from the state treasury is barred by the Eleventh Amendment,' even though it is nominally asserted against an individual official." (quoting *Edelman*, 415 U.S. at 663)); *see also Richards v. State of N.Y. App. Div., Second Dep't*, 597 F. Supp. 689, 691 (E.D.N.Y. 1984) (*citing, inter alia, Cory v. White*, 457 U.S. 85, 89-91, (1982)). "To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state." *Ying Jing Gan*, 996 F.2d at 529; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity therefore should be treated as suits against the State.").

In his complaint in this case, plaintiff seeks an award of damages. Dkt. No. 1 at 5, 6. Because the two named defendants are sued solely in their official capacities, plaintiff's damage claims are, in reality, claims against the State of New York, and therefore are subject to dismissal. *Daisernia*, 582 F. Supp. at 798-99. Accordingly, I recommend that the damage claims asserted in plaintiff's complaint against the named-defendants in their official capacities be dismissed.

7

      b.     Plaintiff's Remaining Claims Seeking Injunctive Relief

Plaintiff's complaint also includes causes of action for which, as relief, plaintiff requests that he "be released from [his] requirements to NYSDOCCS, and/or Post Release Supervision." Dkt. No. 1 at 5. Taking into account the allegations contained both in the complaint and the documents attached thereto, it appears that plaintiff believes the terms of his post-release supervision violate his constitutional rights. *See, e.g.,* Dkt. No. 1-1 at 2. Mindful of the court's obligation to liberally construe a *pro se* litigant's pleading, I recommend that plaintiff's claims seeking injunctive relief against the defendants in their official capacities be accepted for filing and defendants be directed to respond to the complaint.[3]

III.    SUMMARY AND RECOMMENDATION

Because plaintiff's IFP application demonstrates his entitlement to IFP status, he will be granted leave to proceed without prepayment of costs or fees. Turning to the merits of plaintiff's complaint, I recommend that plaintiff's claims seeking monetary damages against the named defendants in their official capacities be dismissed, but that the complaint be otherwise accepted for filing. Based upon the foregoing, it is hereby

---

[3]     The court renders no opinion as to whether plaintiff's complaint can withstand a properly filed dispositive motion.

ORDERED that plaintiff's motion for leave to proceed IFP (Dkt. No. 2) be GRANTED; and it is further respectfully

RECOMMENDED that plaintiff's complaint (Dkt. No. 1) be accepted for filing, with the exception of plaintiff's claims seeking monetary damages against the named defendants in their official capacities.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[4] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

The clerk of the court shall serve a copy of this order, report, and recommendation on plaintiff in accordance with the local rules.

Dated:    October 18, 2017
          Syracuse, New York

David E. Peebles
U.S. Magistrate Judge

---

[4]    If you are proceeding *pro se* and are served with this order, report, and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order, report, and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).