IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

─────────────────────────────

JOHN H. NEWMAN,

               Plaintiff,              Civil Action No.
                                           3:17-CV-0918 (LEK/DEP)
     v.

ANTHONY ANNUCCI and
THOMAS HERZOG,

              Defendants.

─────────────────────────────

APPEARANCES:                  OF COUNSEL:

FOR PLAINTIFF:

JOHN H. NEWMAN, *Pro se*
10-B-0124
Mohawk Correctional Facility
P.O. Box 8451
Rome, NY 13440

FOR DEFENDANTS:

HON. BARBARA UNDERWOOD     MATTHEW P. REED, ESQ.
New York State Attorney General   Assistant Attorney General
The Capitol
Albany, NY 12224

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

<u>REPORT AND RECOMMENDATION</u>

Plaintiff John H. Newman, who is proceeding *pro se* and *in forma pauperis,* brings this action pursuant to 42 U.S.C. § 1983 against Anthony J. Annucci, the Acting Commissioner of the New York State Department of Corrections and Community Supervision ("DOCCS"), and Thomas J. Herzog, Deputy Commissioner of the DOCCS. In his complaint, plaintiff purports to mount a challenge to the imposition and enforcement of certain conditions associated with his post-release supervision and/or the New York State Sex Offender Registration Act ("SORA"), codified as New York Correction Law § 168 *et seq.*, on various constitutional and state law grounds.

This court previously granted defendants' motion to dismiss plaintiff's earlier complaints in this action for the failure to state a cause of action upon which relief may be granted. Plaintiff has now availed himself of the opportunity to file a second amended complaint ("SAC"), which has been forwarded to me for review pursuant to 28 U.S.C. § 1915(e). Based upon my consideration of that pleading, which fails to remedy the deficiencies previously identified by the court, I recommend that plaintiff's SAC be dismissed without further leave to replead.

I.    <u>BACKGROUND</u>

Plaintiff is currently a New York State prison inmate being held in the custody of the DOCCS. *See generally* Dkt. No. 52. Although he is currently confined to the Mohawk Correctional Facility, located in Rome, New York, the claims contained in his SAC arise out of the terms and conditions imposed pursuant to his post-release supervision and the SORA.[1] *See generally id.* Specifically, in his SAC, plaintiff complains about the "special conditions" that were required of him.[2] *Id.* at 1, 4-8. According to his SAC, on August 19, 2013, ten days following his release from custody, the DOCCS issued a warrant for his arrest based upon allegations that he entered a public library in contravention of the terms of

---

[1]    This is action is one of three initiated by plaintiff and arising out of his prosecution for having violated the terms of his release and/or the conditions of the SORA. *See Newman v. Hoyt, et al*, No. 17-CV-1123 (filed October 6, 2017); *Newman v. Hoyt, et al*, No. 17-CV-0808 (filed July 21, 2017).

[2]    According to plaintiff, unless he received prior permission from his parole officer, he was prohibited by the conditions of his post-release supervision from leaving his approved residence or having "unauthorized" visitors; possessing a computer or accessing the internet; driving a motor vehicle; "enter[ing] or be[ing] within 1,000 feet of places where children congregate"; possessing photographs of minors, including his own children; having contact with minors, including his children; establishing "a relationship that can be described as, but not limited to, the following: intimate, romantic, sexual, ongoing, social and/or indiscriminate sexual encounter with another person without notifying his parole office[r] of the relationship and the third party of his criminal history of sexual abuse"; drinking alcohol or frequenting establishments that serve it as their main business; possessing or using medications intended to treat erectile dysfunction; purchasing or possessing pornography or sex toys, and using a post office box. Dkt. No. 52 at 1-2; *see also id.* at 15-18. In addition, plaintiff was required to abide by a curfew; submit to polygraph tests; and permit his parole officer to visit and search his home and workplace. *Id.* at 1-2, 15-18.

his release. *Id.* at 2. As a result, on January 23, 2014, plaintiff was re-incarcerated. *Id.*

During the course of that confinement, plaintiff wrote several letters to defendant Annucci and Governor Andrew Cuomo, who is not a party to this action, regarding the conditions associated with his release. *Id.* at 2, 12, 14-19. While plaintiff acknowledged that some of these conditions were "needed," he complained that the conditions had "nothing to do with [his] crime," were not fair or just, and were not "constitutionally sound." *Id.* at 19. On May 7, 2015, defendant Herzog responded on Annucci's behalf and wrote, among other things, that "conditions of release are meant to provide structure for all offenders to guide them in [their] transition to the community," and "are not different than what most law[-]abiding citizens live by each and every day."[3] *Id.* 2, 11.

In December of 2016, plaintiff was provided with a copy of the conditions that would govern his anticipated re-release from custody. Dkt. No. 52 at 3. According to plaintiff, he "had to choose between refusing to sign those conditions and being refused his mand[a]tory release, or sign

---

[3]    Attachments to the SAC reveal that Steven A. Claudio, Assistant Commissioner for Community Supervision, and Jeff McKoy, Deputy Commissioner for Program Services, also responded to plaintiff's inquiries. Dkt. No. 52 at 13, 20. However, neither Claudio nor McKoy is named as a defendant in plaintiff's SAC.

the contract and attempt to 'discuss the possible removal of particular conditions with [his] assigned parole officer.' " *Id.* at 3.

On January 12, 2017, plaintiff was again released from DOCCS custody. Dkt. No. 52 at 2. On February 13, 2017 and following a random home visit, the DOCCS issued an "administrative warrant," resulting in plaintiff's return to DOCCS custody, where he has remained since that time.[4] *See generally id*.

As relief, plaintiff's SAC requests punitive damages in the total amount of $3,900,000 as against the two defendants, who are sued both in their individual and official capacities. Dkt. No. 52 at 10. Plaintiff also seeks declaratory and injunctive relief. *Id.* Moreover, he provides a list of twenty-eight "conditions of post-custod[ia]l supervision" with which he is willing to abide. Dkt. No. 52 at 30-35.

Plaintiff commenced this action on August 21, 2017. Dkt. No. 1. The court granted him leave to proceed *in forma pauperis* and accepted a portion of his complaint for filing. Dkt. No. 11. On November 27, 2017, plaintiff amended his complaint. Dkt. Nos. 15, 16. 17. On March 9, 2018,

---

[4]    Although plaintiff asserts that "no new crimes were committed" during his 2017 release from custody, Dkt. No. 52 at 10, it appears that while on release plaintiff was charged in a felony complaint with failing to comply with the SORA in violation of New York Correction Law § 168-t. *See Newman v. Hoyt*, No. 17-CV-1123, Dkt. No. 1-1 at 1.

defendants filed a motion to dismiss plaintiff's first amended complaint, which the court granted in without prejudice to the filing of a SAC. Dkt. No. 45. Plaintiff has now availed himself of that opportunity, *see* Dkt. No. 52, and his SAC has been forwarded to me for review.

II.    DISCUSSION

    A.    Sufficiency of Plaintiff's Complaint

        1.    Standard of Review

Because I previously determined that plaintiff satisfies the financial criteria for proceeding in this case IFP, *see* Dkt. No. 8, I must now consider the sufficiency of the claims set forth in his SAC in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, 28 U.S.C. § 1915A(b) directs a court to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a

claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) ("We have found both sections [1915 and 1915A] applicable to prisoner proceedings *in forma pauperis*.").

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face

of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-

0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998));

*see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is

proper only if the legal theory . . . or factual contentions lack an arguable

basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that

a complaint is based on an indisputably meritless legal theory, for the

purposes of dismissal under section 1915(d), may be based upon a

defense that appears on the face of the complaint.").

     2.   <u>Analysis</u>

     a.   <u>Plaintiff's Claims Seeking Monetary Relief</u>

The Eleventh Amendment protects a state against suits brought in

federal court by "private parties seeking to impose a liability which must be

paid from public funds in the state treasury." *Edelman v. Jordan*, 415 U.S.

651, 662-63 (1974); *Cory v. White*, 457 U.S. 85, 90-91 (1982); *Ying Jing

Gan v. City of N.Y.*, 996 F.2d 522, 529 (2d Cir. 1993). This absolute

immunity, which states enjoy under the Eleventh Amendment, extends to

both state agencies and state officials sued for damages in their official

capacities when the essence of the plaintiff's claim seeks recovery from

the state as the real party in interest. *See, e.g., Daisernia v. State of N.Y.*,

582 F. Supp. 792, 798-99 (N.D.N.Y. 1984) (McCurn, J.) ("[A] suit which seeks a money judgment 'which must be paid from the state treasury is barred by the Eleventh Amendment,' even though it is nominally asserted against an individual official." (quoting *Edelman*, 415 U.S. at 663)); *see also Richards v. State of N.Y. App. Div., Second Dep't*, 597 F. Supp. 689, 691 (E.D.N.Y. 1984) (*citing, inter alia, Cory v. White*, 457 U.S. 85, 89-91, (1982)). "To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state." *Ying Jing Gan*, 996 F.2d at 529; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity therefore should be treated as suits against the State.").

Plaintiff SAC continues to seek an award of damages against defendants, whom he names in both their official and individual capacities. Dkt. No. 52 at 1, 10. To the extent that defendants are sued in their official capacities, plaintiff's damage claims are, in reality, claims against the State of New York, and therefore are subject to dismissal. *Daisernia*, 582 F. Supp. at 798-99. Accordingly, I recommend that the damage claims asserted in plaintiff's SAC against the named-defendants in their official capacities be dismissed.

b.    Personal Involvement

"Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [section] 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citing *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991); *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977)). As the Supreme Court has noted, a defendant may only be held accountable for his actions under section 1983. *See Ashcroft v. Iqbal*, 556 U.S. 622, 683 (2009) ("[P]etitioners cannot be held liable unless they themselves acted on account of a constitutionally protected characteristic."). In order to prevail on a section 1983 cause of action against an individual, a plaintiff must show "a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). "To be sufficient before the law, a complaint must state precisely who did what and how such behavior is actionable under law." *Hendrickson v. U.S. Attorney Gen.*, No. 91-CV-8135, 1994 WL 23069, at *3 (S.D.N.Y. Jan. 24, 1994).

To the extent that defendants are named in individual capacities, it appears that defendants were named by virtue of their authoritative positions within the DOCCS. *See generally* Dkt. No. 52. It is important to

note, however, that a supervisor cannot be held liable for damages under section 1983 solely by virtue of being a supervisor; there is no *respondeat superior* liability under section 1983. *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Wright*, 21 F.3d at 501. To establish responsibility on the part of a supervisory official for a civil rights violation, a plaintiff must demonstrate that the individual (1) directly participated in the challenged conduct; (2) after learning of the violation through a report or appeal, failed to remedy the wrong; (3) created or allowed to continue a policy or custom under which unconstitutional practices occurred; (4) was grossly negligent in managing the subordinates who caused the unlawful event; or (5) failed to act on information indicating that unconstitutional acts were occurring. *Iqbal v. Hasty*, 490 F.3d 143, 152-53 (2d Cir. 2007), *rev'd on other grounds sub nom. Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *see also Richardson*, 347 F.3d at 435; *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *Wright*, 21 F.3d at 501.

Here, plaintiff continues to allege that the conditions of his release from custody were imposed, and subsequently revoked, because of "policies written and or enforced by [defendants]." Dkt. No. 52 at 2-3; *see also id.* at 8 ("Defendant failed to remedy the issue. Defendant show direct indifference to the Plaintiff after learning of the complaint. Defendant failed

11

to ensure that a proper investigation was conducted." (errors in original)).

Plaintiff was informed by an earlier memorandum-decision and order

issued by Senior District Judge Lawrence E. Kahn, however, that such

conclusory, unsupported allegations of the existence of a policy are "

'simply insufficient to establish liability of supervisory prison officials under

§1983.' " Dkt. No. 45 at 8-9 (citation omitted).

In an attempt to remedy the deficiencies set forth by Judge Kahn,

plaintiff now asserts within the four corners of his SAC that "[defendant

Herzog] became personally involved when he was ins[r]ucted to respond

to my complaint by [defendant Annucci] who was personally involved by

receiving [the complaint], and asking [defendant Herzog] to answer my

complaint." Dkt. No. 52 at 3. The factual basis for this allegation, however,

was expressly considered and rejected by Judge Kahn, Dkt. No. 45 at 3

("The Court therefore considered those letters[.]"). I see no basis to reach

a contrary result upon initial review of plaintiff's SAC. Accordingly, I

recommend that the damage claims against the named defendants in their

individual capacities also be dismissed by the court.

### c.    Plaintiff's Claims Seeking Injunctive Relief

The SAC also requests that plaintiff be "discharge[d] from all responsibilities to the [DOCCS]." Dkt. No. 52 at 10. Plaintiff's claims are precluded for at least two reasons.

First, plaintiff is now confined to a DOCCS facility, so he is no longer subject to the conditions of which he complains in his complaint. *See generally* Dkt. No. 52 at 10. Accordingly, any cause of action seeking an injunction directing the DOCCS to relieve plaintiff of any supervised release conditions and/or SORA requirements has been rendered moot.

Even if plaintiff's claims were not moot, they are precluded by the favorable termination rule as set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). In that case, the Court held that a convicted state prisoner cannot pursue damages or other civil remedies under 42 U.S.C. § 1983 if a decision in favor of the plaintiff "would necessarily imply the invalidity of his conviction or sentence," unless the conviction has already been invalidated. *Heck*, 512 U.S. at 487; *see also McKithen v. Brown*, 481 F.3d 89, 101 (2d Cir. 2007) ("[T]he governing standard for the application of the []*Heck* exception. . . is whether a prisoner's victory in a [section] 1983 suit would necessarily demonstrate the invalidity of his conviction or sentence[.]" (emphasis omitted)). In this case, in the event plaintiff was to prevail on his constitutional challenge to the conditions of his release from

custody, it would certainly invalidate the post-release supervision portion of his sentence. Because plaintiff is still "in custody," even when on supervised release, however, *see Earley v. Murray*, 451 F.2d 71, 75 (2d Cir. 2006), habeas corpus relief remains available to him. *See* 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.").

For these reasons, I recommend that plaintiff's claims seeking injunctive relief against the two defendants, to the extent they are not otherwise barred by the Eleventh Amendment and lack of personal involvement, be dismissed.

### d.    Pendent State Law Tort Claims

The court must also consider whether the court should exercise supplemental jurisdiction over plaintiff's state law claim for negligent misrepresentation. Dkt. No. 52 at 3. A federal court is authorized to decline supplemental jurisdiction over a state claim if all of the claims over which the court had original jurisdiction were dismissed pursuant to 28 U.S.C. § 1367. 28 U.S.C. § 1367(c)(3); *Kroshnyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 102 (2d Cir. 2014); *Stephenson v. Albany Cnty.*

14

*Policymakers*, No. 09-CV-0326, 2009 WL 2922805, at *2 (N.D.N.Y. Aug. 14, 2009) (Treece, M.J.), *report and recommendation adopted by* 2009 WL 3232294 (N.D.N.Y. Oct. 2, 2009) (Kahn, J.).

A district court may, in its discretion, entertain supplemental jurisdiction over state law claims, even where all federal causes of action have been dismissed, to further " 'fairness' or 'judicial efficiency,' or to resolve any 'novel or unsettled issues of state law.' " *Trade Wind Distrib., LLC v. Unilux Ag*, No. 10-CV-5716, 2011 WL 4382986, at *8 (E.D.N.Y. Sep. 20, 2011) (quoting *Mauro v. S. New England Telecomms., Inc.*, 208 F.3d 384, 388 (2d Cir. 2000)). "[I]n the usual case in which all federal-law claims are eliminated before trial, [however,] the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988); *accord Kroshnyi*, 2014 WL 5572456, at *5; *see also Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 405 (2d Cir. 2017) (Calabresi, J. concurring) ("[A] district court ought not to exercise supplemental jurisdiction over purely state-law claims [where all federal claims are dismissed] unless there are strong reasons for doing otherwise.").

15

Having concluded that plaintiff has failed to plausibly allege a viable federal claim, insofar as his SAC may be deemed to state any cognizable claims under state law, including for negligent misrepresentation, factors such as judicial economy, convenience, fairness, and comity militate against the exercise of supplemental jurisdiction. Accordingly, I recommend that the court decline to exercise supplemental jurisdiction over any cognizable state law claims pursuant to 28 U.S.C. § 1367(c)(3).

B.    Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v.*

*Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this instance, the deficiencies identified in this report are substantive in nature and extend beyond the mere sufficiency of plaintiff's complaint. Because plaintiff has already been afforded an opportunity to amend, and I am unable to discern a potential factual or legal basis for his claims in this action, I conclude that any further amendment that the court might offer to plaintiff would be futile. Accordingly, I recommend against granting him leave to amend.

III.   <u>SUMMARY AND RECOMMENDATION</u>

Plaintiff's SAC fails to remedy the deficiencies that have been previously identified by the court. I recommend that the SAC be dismissed without leave to replead. Accordingly, it is hereby respectfully

17

RECOMMENDED that plaintiff's second amended complaint (Dkt. No. 52) be DISMISSED, without leave to replead.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[5] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

The clerk of the court shall serve a copy of this report and recommendation on plaintiff in accordance with the local rules.

David E. Peebles
U.S. Magistrate Judge

Dated:    December 26, 2018
          Syracuse, New York

---

[5]    If you are proceeding *pro se* and are served with this order, report, and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order, report, and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).